### In the Matter of Mark D. GEHEB.

### No. 71S00–0401–DI–37.

Supreme Court of Indiana.

April 19, 2006.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** For approximately 2 years prior to September 25, 2002, respondent worked for a South Bend law firm as an associate and falsified time sheets reflecting the number of billable hours he had worked. Based on these time sheets the law firm's clients were unwittingly overbilled. Further, respondent's compensation was based upon the falsified time sheets.

**Violations:** Respondent's conducts violates Ind. Professional Conduct Rule 8.4(b), which prohibits the commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

**Discipline:** Six (6) month suspension from the practice of law, commencing June 1, 2006, with the entire suspension stayed upon two (2) years probation pursuant to the terms and conditions set forth in the parties' Conditional Agreement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. The mitigating factors in this case weighed heavily in our decision to accept the agreed disposition. Respondent is receiving medical treatment for a factor of his misconduct. After resigning from the law firm, he assisted the firm in identifying the extent to which clients were overbilled and respondent made restitution. He self-reported this matter to the Commission, albeit after he was confronted by his employer with his false time sheets. He also has no record of prior discipline. If it had not been for these mitigating circumstances and the fact that this was an agreed disposition, a more severe sanction would have been warranted. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.